# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **SCOTT M. ALEXANDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-cv-00788 (APM)** |
| | ) | |
| **UNITED STATES GOVERNMENT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Pro se Plaintiff Scott Alexander filed this action to challenge the United States government's use of taxpayer dollars to fund the unauthorized Economic Support Fund (ESF). Compl., ECF No. 1, at ¶ 9. According to Plaintiff, congressional authorization for the ESF expired in 1987, yet the government continues to fund it and, in fiscal year 2023, did so to the tune of roughly $22 billion. *Id.* ¶ 10. Plaintiff on behalf of himself and a putative class seeks to recoup the taxes paid to fund the ESF, which in his case amounts to $109.12. *Id.* ¶¶ 4, 11. He alleges violations of the Appropriations Clause, U.S. Const. art. I, § 9, cl. 7 and the Anti-Deficiency Act, 31 U.S.C. § 1341(a)(1)(A), and breach of fiduciary duty. *Id.* at 3.

The court will dismiss the case sua sponte for lack of subject matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam) ("[A] district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction."). "[T]he Supreme Court has repeatedly held" that "a taxpayer's interest in ensuring that appropriated funds are spent in accordance with the [law] does not suffice to confer Article III standing." *In re Navy Chaplaincy*, 534 F.3d 756, 761 (D.C. Cir. 2008) (citing *Hein v. Freedom*

*From Religion Found., Inc.*, 551 U.S. 587, 599 (2007) (plurality op.)); *see also Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) ("Absent special circumstances, however, standing cannot be based on a plaintiff's mere status as a taxpayer."). Put another way, an individual who pays taxes does not have a "continuing, legally cognizable interest in ensuring that those funds are not used by the Government in a way that violates" the law. *Hein*, 551 U.S. at 599.

Here, Plaintiff does no more than challenge the government's expenditure of taxpayer funds on a program whose authorization, he says, has long expired. Compl. ¶ 10. He therefore has no standing to bring his claims.[1] Accordingly, the court sua sponte dismisses this action without prejudice.

A final, appealable order accompanies this Memorandum Opinion.

Dated: March 19, 2025

Amit P. Mehta
United States District Court Judge

---

[1] The narrow exception recognized in *Flast v. Cohen*, 392 U.S. 83 (1968), has no application here.